JS-6

Priority —
Send —
Enter —
Closed —
JS-5/JS-6 —
Scan Only —

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** <u>CV 13-05951 SJO (JEMx)</u> | **DATE:** <u>January 8, 2014</u> |
| **TITLE:** <u>Geraldine Doyle v. OneWest Bank, FSB, et al.</u> | |

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 52]; **DENYING AS MOOT REMAINING MOTIONS** [Docket Nos. 52, 55, 57]

The matter is before the Court on Plaintiff Geraldine Doyle's ("Plaintiff") Motion to Remand ("Motion to Remand"), filed on November 22, 2013. Defendants OneWest Bank, FSB ("OneWest") and Balboa Insurance Co. ("Balboa") filed an Opposition on December 2, 2013.[1] Plaintiff did not file a Reply. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for December 23, 2013. *See* Fed. R. Civ. P. 78(b).

Also on the docket are OneWest's Motion for Judgment on the Pleadings, filed on December 2, 2013, Balboa's Motion for Judgment on the Pleadings, filed on December 9, 2013, and Financial Freedom's Motion to Dismiss, filed on December 9, 2013.

For the following reasons, Plaintiff's Motion to Remand is **GRANTED**. The remaining motions in this matter are **DENIED AS MOOT**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2013, Plaintiff, a resident of California and Kuda Mujeyi ("Mujeyi"), a resident of New York, filed this class action in the Superior Court of California for the County of Los Angeles, against:

- OneWest (a Delaware corporation with its principle place of business in California);
- IndyMac Bank, FSB ("Indy Mac") (a Delaware corporation with its principle place of business in California);

---

[1] Defendant Financial Freedom Senior Funding Corp. ("Financial Freedom") did not join in the Opposition.

| | | |
|---|---|---|
| MINUTES FORM 11 | | __ : __ |
| CIVIL GEN | Page 1 of 8 | Initials of Preparer _____ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** CV 13-05951 SJO (JEMx)    **DATE:** January 8, 2014

- Financial Freedom (a Delaware corporation with its principle place of business in California),
- QBE Insurance, Co. ("QBE") (an Australian corporation),[2]
- Assurant, Inc. ("Assurant") (a Delaware corporation with its principle place of business in New York); and
- American Security Insurance Co. ("ASIC") (a Delaware corporation with its principle place of business in Georgia).

(Compl. ¶¶ 33-38.)  The class action concerns hazard insurance placed on real property by the lender.  (*See generally* Compl.)

Plaintiff and Mujeyi alleged claims for (1) breach of contract, (2) unjust enrichment, (3) breach of fiduciary duty, (4) financial elder abuse, in violation of California Welfare and Institutions Code section 15657.5, *et seq.* (5) violations of California Business and Professions Code section 17200, *et seq.*, (6) tortious interference with a business relationship against QBE and ASIC, (7) tortious interference with a business relationship against OneWest, and (8) equitable relief.  (*See generally* Compl.)

Plaintiff and Mujeyi defined the initial class as:

> All individuals who were, at any time during the period within four years of the date this action was filed . . . charged for a force-placed insurance policy on their property by the OneWest Defendants through QBE, Assurant, and/or Assurant's subsidiary, [ASIC] . . . .

(Compl. ¶ 86.)  The Complaint also included a subclass of California residents, aged sixty-five and over, charged for a force-placed insurance policy on their property by these same defendants.  (Compl. ¶ 87.)

On August 14, 2013, Assurant and ASIC removed the action to this Court pursuant to 28 U.S.C. § 1441 and the Class Action Fairness Act ("CAFA").  (*See generally* Notice of Removal.)

On September 10, 2013, Plaintiff and Mujeyi filed their First Amended Complaint ("FAC"), in which they dismissed their claims against QBE and added Balboa, a corporation headquartered in California, as a defendant.  (*See generally* FAC, ECF No. 27.)  The class definition was materially unchanged.  (FAC ¶¶ 84-85.)

---

[2]  The Complaint alleges that QBE's American subsidiary, QBE Americas, Inc., is a Delaware corporation with a principal place of business in New York.  (Notice of Removal of Civ. Action to Fed. Ct. ("Notice of Removal"), Ex. 1 ("Complaint") ¶36, ECF No. 1.)

CASE NO.:  **CV 13-05951 SJO (JEMx)**          DATE:  **January 8, 2014**

On September 30, 2013, Assurant and ASIC moved to sever Mujeyi's claims and transfer those claims to the United States District Court for the District of Arizona. (*See* Mot. to Sever & Transfer, ECF No. 30.)  Mujeyi's claims were the only claims brought against Assurant and ASIC. (*See generally*, Mot. to Sever & Transfer.)  On September 30, 2013, the Court held an initial scheduling conference wherein the Court set a schedule for motions to dismiss and continued the scheduling conference.  (Mins. of Scheduling Conf., ECF No. 35.)  Plaintiff and Mujeyi ultimately stipulated to sever and transfer Mujeyi's claims and the Court severed those claims and transferred them to the District of Arizona on October 15, 2013.  (Order to Sever & Transfer, ECF No. 43.)  The Court instructed Plaintiff to "prepare and file a second amended complaint before this Court, which shall separate and segregate out her claims from those of Mr. Mujeyi." (Order to Sever & Transfer 1.)

On November 12, 2013, Plaintiff filed her Second Amended Complaint ("SAC") against OneWest, Balboa, and Financial Freedom (collectively "Defendants"), each headquartered in California. (*See generally* SAC ¶¶ 31-33, ECF No. 49.)  Notably, the SAC also narrowed the putative class definition to a **California-only class**.  (*See* SAC ¶ 69; *see also* FAC ¶ 84; Compl. ¶ 86.)

On November 22, 2013, Plaintiff filed the instant Motion to Remand the case to state court, arguing that (1) the minimum diversity requirements of CAFA have not been met because Assurant and ASIC, in the Notice of Removal, failed to allege the citizenship of Plaintiff and Mujeyi and (2) the Court should decline to exercise jurisdiction over this matter because it falls under an exception to CAFA jurisdiction. (Mot. to Remand 3-8.)  Defendants OneWest and Balboa opposed the Motion to Remand.  (*See generally* Opp'n, ECF No. 53.)

II.     DISCUSSION

The main issue before the Court, following the severance and transfer of Mujeyi's claims against Assurant and ASIC and the narrowing of the putative class, is whether this case should remain in this Court or be remanded to the Los Angeles Superior Court at this early stage in the litigation. In the interest of justice and based on the totality of the circumstances, the Court finds that this case should be remanded.

   A.     Removal Under CAFA

In 2005, Congress enacted CAFA in part, to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing Pub. L. No. 109–2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)).

CAFA provides for removal of certain class action lawsuits where (1) the aggregate number of members of all proposed plaintiff classes is 100 or more persons, (2) the aggregate amount in

**CASE NO.:** <u>CV 13-05951 SJO (JEMx)</u>          **DATE:** <u>January 8, 2014</u>

controversy exceeds $5,000,000, and (3) any class member is a citizen of a state different from any defendant.  See *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see also* 28 U.S.C. § 1332(d)(2).  Thus, under CAFA, complete diversity is not required; "minimal diversity" suffices.  *Serrano*, 478 F.3d at 1020 (citations omitted).

However, Congress also provided exceptions allowing certain class actions that would otherwise satisfy CAFA's jurisdictional requirements to be remanded to state court.  The "**local controversy exception**" requires a federal court to decline jurisdiction if:  more than two-thirds of the class members and at least one defendant are "citizens" of the state in which the alleged wrongdoing occurred; "significant relief" is being sought from the local defendant whose alleged conduct forms a "significant basis" for the plaintiff's claims; and no other class action has been filed within the past 3 years on behalf of the same persons against any defendant asserting the same or similar factual allegations.  *Serrano*, 478 F.3d at 1022 (citing 28 U.S.C. § 1332(d)(4)(A)).

The "**home-state controversy exception**" provides that a federal court must also decline jurisdiction over a "minimal diversity" class action if two-thirds or more of the class members and the primary defendants are citizens of the state in which the action was originally filed.  *Id.* (citing 28 U.S.C. § 1332(d)(4)(B)).

Finally, a federal court **may** decline jurisdiction "in the interest of justice and looking at the totality of the circumstances" in cases where more than one-third but less than two-thirds of the proposed class members and the primary defendants are citizens of the state in which the action was originally filed.  *Id.*  (citing 28 U.S.C. § 1332(d)(3)).  In exercising its discretionary abstention, a federal court must consider:

   (A) whether the claims asserted involve matters of national or interstate interest;

   (B) whether the claims asserted will be governed by laws of the State in which the
         action was originally filed or by the laws of other States;

   (C) whether the class action has been pleaded in a manner that seeks to avoid
         Federal jurisdiction;

   (D) whether the action was brought in a forum with a distinct nexus with the class
         members, the alleged harm, or the defendants;

   (E) whether the number of citizens of the State in which the action was originally
         filed in all proposed plaintiff classes in the aggregate is substantially larger
         than the number of citizens from any other State, and the citizenship of the
         other members of the proposed class is dispersed among a substantial
         number of States; and

    (F) whether, during the 3–year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

The plaintiff need not satisfy all factors; rather, a balancing test should be applied that takes into consideration the "totality of the circumstances." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008). "Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction." *Serrano*, 478 F.3d at 1022 (citing § 1332(d)(3)-(4)).

    B.    <u>Application.</u>

        1.    <u>Timing of Motion to Remand</u>

As a preliminary matter, the Court does not agree with Defendants' suggestion that Plaintiff's Motion to Remand is untimely because it was filed "three months after the timely removal." (Opp'n 1.) The Motion to Remand followed a severance and transfer of claims (along with a narrowing of the putative class) which significantly modified the scope of this case at an early stage. Had Plaintiff not so moved, the Court would still have been bound to consider its own subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).

        2.    <u>Post-Removal Actions</u>

Defendants OneWest and Balboa argue that Plaintiff's Motion to Remand should be denied because CAFA jurisdiction was established at the time of removal and post-removal actions, such as the severance and transfer of claims, and the narrowing of the putative class, do not divest this Court of subject matter jurisdiction. (Opp'n 2-8.)

While Defendants' contention is generally true, the Court recognizes that federal district courts are afforded discretion in many circumstances in order to determine whether, after removal, they should adjudicate a case or whether—based on the specific posture, facts, and issues involved—a case rightfully should be decided by a state court. *Cf., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1998) ("[A] district court has discretion to remand to state court a removed case involving pendant claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion . . . enables district courts to deal with cases . . . in a manner that best serves the principles of economy, convenience, fairness, and comity . . . ."); *Clinco v. Roberts*, 41 F. Supp. 1080, 1082 (C.D. Cal. 1999) ("Generally, if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** CV 13-05951 SJO (JEMx) | **DATE:** January 8, 2014 |

whether to allow such amendment."). Consistent with this principle, CAFA provides federal district courts with discretion to remand properly removed cases[3] should the court determine that remand is appropriate.[4] *See* 28 U.S.C. § 1332(d)(3).

That the bases for remand materialized after removal is not the controlling factor on this issue. Defendants Assurant and ASIC were the parties that initially moved to sever and transfer Mujeyi's claims. It was only following this severance and transfer that Plaintiff, in connection with the Court's order, filed her SAC in which the putative class was narrowed to a California-only class. What remains in this action is a California putative class, California defendants, and California claims. This case is also still relatively new. The scheduling conference was continued and no trial has yet been set.[5] (Mins. of Scheduling Conf. 1.) As such, the Court will consider whether the case should be remanded to the Los Angeles Superior Court.

> 3. Exceptions to CAFA Jurisdiction

The Court, in its discretion and consistent with the factors set forth in 28 U.S.C. § 1332(d)(3),[6] finds that this case should be remanded.

For the Court to exercise discretionary abstention, it must look at the percentage of proposed class members and primary defendants that are citizens of the state in which the action was originally filed. This action was originally filed in California. (*See generally* Compl.) Plaintiff is a California resident and the class is now narrowed to California citizens. It follows that California is the state

---

[3] The Court is not convinced by Plaintiff's argument that this case should also be remanded because removal was improper. (Mot. to Remand 3-5.) Plaintiff argues that removing defendants Assurant and ASIC alleged Plaintiff and Mujeyi's places of residence in their Notice of Removal, but failed to allege Plaintiff and Mujeyi's citizenship. (Mot. to Remand 4.) However, since the removed Complaint asserts claims against diverse **defendants**, Plaintiff and Mujeyi's citizenships are irrelevant—at least one plaintiff would necessarily be diverse from at least one defendant as required to show minimal diversity under CAFA. *See* 28 U.S.C. § 1332(d)(2)(B).

[4] Section 1332(d) does not explicitly restrict application of the subsection (d)(3) and (d)(4) exceptions to the time of removal.

[5] The Court's analysis herein would likely have been different if this case had been more mature.

[6] The Court need not also address the applicability of the local controversy exception and home-state controversy exception.

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05951 SJO (JEMx)</u>    DATE: <u>January 8, 2014</u>

of citizenship of the vast majority of the proposed class members.[7] *Flores v. Chevron Corp.*, No. CV 11-02551 JHN, 2011 WL 2160420, at *2 (C.D. Cal. May 31, 2011) (citations omitted) ("[I]f a complaint asserts that the case is brought on behalf of California purchasers, then greater than two-thirds of the class are California citizens."). Also, each of the Defendants, OneWest, Financial Freedom, and Balboa, has its principal place of business in California, so each is a citizen of California. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("[A] corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business."). Thus, this factor favors remand.

Plaintiff asserts claims related to the actions of California corporations against a California putative class. Accordingly, the claims in this matter do not primarily involve matters of national or international interest.

Moreover, the claims asserted in this action are primarily governed by California law. While the parties have not devoted attention to this particular issue, the Court notes that no party has attempted to argue that this Court has federal question jurisdiction over this case, and the SAC (along with the Complaint and FAC) pleads only state law causes of action. (*See generally* SAC.)

It does not appear that this matter was pled in a manner particularly designed to avoid federal jurisdiction. As previously stated, Plaintiff's SAC followed d Assurant and ASIC's decision to seek severance and transfer. As a result, the Court is not overly concerned that Plaintiff is engaging in improper forum shopping.

The action was brought in a forum with a distinct nexus with the class members, the alleged harm, and the defendants. This case was originally filed in the Los Angeles Superior Court, which has a nexus with the California class members. Furthermore, Los Angeles has a distinct nexus with the Defendants. All of the remaining Defendants have their principal place of business in Los Angeles County or the neighboring Orange County. (SAC ¶¶ 31-33.)

The remaining two factors under § 1332(d)(3) are either neutral or slightly favor remand. The Court is satisfied that, on balance, the factors of § 1332(d)(3) favor remand. *See Sorrentino*, 588 F. Supp. at 359 (regarding the need to balance the § 1332(d)(3) factors). Accordingly, in the

---

[7] Defendants argue that the exceptions to CAFA jurisdiction do not apply because "at removal . . . ASIC's declaration clearly established that far less than two-thirds of the proposed class members were citizens of California." (Opp'n 10.) Defendants cite ASIC's declaration stating that "less than 20% of the total lender-placed insurance policies at issue . . . were issued in connection with **real property** located in California." (Opp'n 10.) However, even at the time of removal, the relevant issue for determining whether the exceptions apply is not the location of the real property, but the citizenship of the individual class members.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 13-05951 SJO (JEMx)</u>   DATE: <u>January 8, 2014</u>

interests of justice and looking at the totality of the circumstances, the Court finds that this case should be remanded to state court.  Congress included in CAFA a discretionary vehicle for district courts to ferret out "controversy that uniquely affects a particular locality to the exclusion of all others."  *Preston v. Tenent Healthsystems Mem. Med. Ctr., Inc.*, 485 F.3d 804, 812 (5th Cir. 2007).  This case is the type which Congress intended to be handled by state courts.  Therefore, in accordance with both the letter and spirit of CAFA, this case is remanded to the Superior Court of California for the County of Los Angeles.

III.     <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  The Court **REMANDS** this case to Superior Court of California for the County of Los Angeles.  All remaining motions are **DENIED AS MOOT**.

IT IS SO ORDERED.


cc: order, docket, remand letter to Los Angeles Superior Court,
No. BC 513292